```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
KEVIN MIESCHBERGER,

                    Plaintiff,
         -against-                          MEMORANDUM & ORDER
                                            11-CV-0776(JS)(WDW)
DANA CORPORATION, DANA HOLDING
CORPORATION, and EATON CORPORATION,

                    Defendants.
----------------------------------X
```

APPEARANCES:
For Plaintiff:         Daniel Patrick Miklos, Esq.
                       Silberstein, Awad & Miklos, P.C.
                       600 Old Country Road, Suite 412
                       Garden City, NY 11530

For Defendants:
Dana Corporation:      N. Noelle Letcher, Esq.
                       Coughlin Duffy LLP
                       350 Mount Kemble Avenue
                       P.O. Box 1917
                       Morristown, NJ 07962

Dana Holding           Jonathan T. Barton, Esq.
Corporation:           Sandberg, Phoenix & von Gontard
                       600 Washington Avenue, Suite 1500
                       St. Louis, MO 63101

                       N. Noelle Letcher, Esq.
                       (see above for address)

Eaton Corporation:     Jonathan T. Barton, Esq.
                       (see above for address)

                       N. Noelle Letcher, Esq.
                       (see above for address)

                       Linda Stephanie Strauss, Esq.
                       Coughlin Duffy LLP
                       88 Pine Street, 28th Floor
                       Wall Street Plaza
                       New York, NY 10005

SEYBERT, District Judge:

Pending before the Court is Plaintiff Kevin Mieschberger's ("Plaintiff") motion to remand or, in the alternative, for a jury trial. For the following reasons, the motion to remand is GRANTED, and Plaintiff's request for a jury trial is DENIED AS MOOT.

BACKGROUND

Plaintiff commenced this action on January 11, 2011 in New York State Supreme Court Suffolk County against Eaton Corporation ("Eaton"), Dana Corporation,[1] and Dana Holding Corporation (collectively, "Defendants") seeking to collect damages for personal injury under theories of negligence, strict products liability and breach of warranty. Plaintiff asserts that he was injured on or about June 9, 2008 when the gas tank of a forklift he was operating exploded as a result of an allegedly defective brake hose and fitting manufactured by the Defendants. (Compl. ¶ 34.)

On February 16, 2011, Eaton removed the present action under 28 U.S.C. § 1441 on the basis of diversity jurisdiction. (Not. of Removal, Docket Entry 1.)

On March 21, 2011, Plaintiff filed the instant motion to remand, or, in the alternative, to request a jury trial.

---

[1] Dana Corporation was acquired by Eaton in 2002 through an asset purchase agreement and no longer exists as a separate legal entity. (Not. of Removal ¶ 8, Def. Mot. 7.)

2

Because the Court grants the motion to remand, Plaintiff's request for a jury trial is DENIED AS MOOT.

## DISCUSSION

"The Court does not treat a removal petition in a civil action as a motion or application to be denied or granted[.] 28 U.S.C. § 1446(a)-(b). Rather, filing the petition has the effect of removing the action to the district court, subject to remand or dismissal." Mercy Hosp. Ass'n v. Miccio, 604 F. Supp. 1177, 1179 (E.D.N.Y. 1985). A district court may remand only if removal was improper, i.e., if there was a lack of subject matter jurisdiction, see 28 U.S.C. § 1441; if there was a statutory prohibition on removal, see, e.g., id. §§ 1441(b), 1445; or if the notice of removal was procedurally defective, id. § 1447(c). The parties do not dispute that the Court has subject matter jurisdiction on the basis of diversity as the matter is between citizens of different States[2] and the amount in controversy exceeds $75,000 (Not. of Removal ¶ 4). See 28 U.S.C. § 1332.[3] Nor does Plaintiff assert that there was a statutory bar to removal applicable here.

---

[2] Plaintiff is a citizen of the state of New York, and all Defendants are citizens of the state of Ohio as they are all incorporated under the laws of Ohio and maintain their principal places of business in Ohio. (Compl. ¶¶ 1-6; Not. of Removal ¶¶ 5-8.)

[3] Section 1332(a)(1) states, in relevant part, that: "The district courts shall have original jurisdiction of all civil

3

Rather, Plaintiff argues that Eaton's removal was procedurally improper because Dana Corporation and Dana Holding Corporation failed to consent to it.[4] The Court agrees. "Although there is no express statutory requirement for joinder or consent by codefendants, there is widespread agreement among the district courts, including those in the Second Circuit, that all named defendants over whom the state court acquired jurisdiction must join in the removal petition for it to be proper." Codapro Corp. v. Wilson, 997 F. Supp. 322, 325 (E.D.N.Y. 1998) (internal quotation marks and citation omitted).

There are three exceptions to this unanimity rule:

> [W]hen: (1) the non-joining defendants have not been served with service of process at the time the removal petition is filed; (2) the non-joining defendants are merely nominal or formal parties; or (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c).

Snakepit Auto., Inc. v. Superperformance Int'l, L.L.C., 489 F. Supp. 2d 196, 201-02 (E.D.N.Y. 2007) (internal quotation marks

---

actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).

[4] Plaintiff also argues that the Court should remand because (1) the Court may decline to exercise "supplemental jurisdiction" under 28 U.S.C. § 1367; and (2) maintaining this action in federal court will waste judicial resources. Neither of these arguments is of any merit. However, since the Court must remand on other grounds, it will not address these arguments in this Order.

and citation omitted).  Defendants argue that both Dana Corporation and Dana Holding Corporation are nominal parties, so no consent is required.[5]  The Court agrees that Dana Corporation is a nominal party as it was defunct at the time of removal. See Stonybrook Tenants Ass'n, Inc. v. Alpert, 194 F. Supp. 552, 553 (D. Conn. 1961) (holding that liquidated corporations without assets or liabilities were nominal defendants). However, the Court does not find that Dana Holding Corporation is a nominal party.

Defendants assert that Dana Holding Corporation is a nominal party because Eaton has agreed to defend and indemnity it in this action.  (Def. Mot. 7-8.)  While it appears as though Eaton has, in fact, agreed to indemnify Dana Holding Corporation (Def. Mot. Ex. B), district courts in this circuit and others

---

[5] Defendants also argue that "removal was effectuated . . . with Dana[] [Holding Corporation's] consent" (Def. Mot. 7); however, they fail to provide any written evidence of such consent. "While courts generally do not require all defendants to sign the removal petition itself, most courts have required some form of unambiguous written consent to the court in timely fashion." Heller v. N.Y. City Health & Hosps. Corp., No. 09-CV-6193, 2010 WL 481336, at *2 (S.D.N.Y. Feb. 1, 2010) (internal quotation marks and citation omitted); accord Burr v. Toyota Motor Credit Co., 478 F. Supp. 2d 432, 437 (S.D.N.Y. 2006).  "It is insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf." Edelman v. Page, 535 F. Supp. 2d 290, 292 (D. Conn. 2008) (internal quotation marks and citation omitted).  Therefore, any oral consent Dana Holding Corporation may have provided is insufficient.

have consistently held that "the mere fact that a defendant is indemnified by another defendant does not transform the indemnified defendant into a nominal party." Patrick v. Porter-Cable Corp., No. 10-CV-0131, 2010 WL 2574121, at *5 (D. Conn. Apr. 1, 2010) (citing Bricker v. Ford Motor Co., 514 F. Supp. 1236, 1238-39 (S.D. Tex. 1981) ("Even though it has an indemnity agreement with Ford, plaintiffs seek a judgment against Von-Wil, and if successful on the merits, will obtain a final judgment against them upon which execution may issue."); Thompson v. Conoco Inc., No. 94-CV-0199, 1994 WL 1890836, at *5 (N.D. Miss. Dec. 13, 1994) ("Friend and Smith have very real and subsisting interest in the subject matter of this action and the claim asserted against them. Even though there is an indemnity agreement with Conoco and Vista, plaintiffs seek a judgment against these two men, and if successful on the merits, will obtain a final judgment against them.")).

Thus, the Court finds that Dana Holding Corporation is not a nominal party and was required to indicate its consent to removal to the Court unambiguously and in writing. Since it failed to do so, the removal was procedurally deficient, and the case must be remanded.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to remand is GRANTED, and Plaintiff's request for a jury trial is

DENIED AS MOOT. The Clerk of the Court is directed to remand this case back to New York State Supreme Court, Suffolk County, and mark this matter closed.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: October  11 , 2011
       Central Islip, NY